AO 245B (Rev 12/10) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Tyrus Begaye** | **Amended Judgment in a Criminal Case - Reason:**<br>**Correction of Sentence for Clerical Mistake (fed. R. Crim. P. 36)**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:10CR00456-001JB**<br>USM Number: **48991-051**<br>Defense Attorney: **Thomas Jameson, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 1111 | Second Degree Murder, Crime in Indian Country, 18 U.S.C. Sec. 1153 | 02/06/2010 | |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**October 12, 2011**

Date of Imposition of Judgment

**/s/ James O. Browning**

Signature of Judge

**Honorable James O. Browning**
**United States District Judge**

Name and Title of Judge

**January 9, 2012**

Date Signed

Defendant: **Tyrus Begaye**
Case Number: **1:10CR00456-001JB**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **151 months**.

**The Court incorporates by reference its Memorandum Opinion and Order, filed December 29, 2011 (Doc. 72)("MOO"). Defendant Tyrus Begaye, pursuant to a Plea Agreement, filed April 7, 2011 (Doc. 44), pled guilty to the Indictment, filed February 23, 2010 (Doc. 15), charging him with a violation of 18 U.S.C. §§ 1153, 1111, and 2, that being second degree murder and aiding and abetting. The Plea Agreement stipulates to a 3-level reduction to Begaye`s offense level for acceptance of responsibility sentence pursuant to U.S.S.G. § 3D1.1 "so long as the Defendant continues to accept responsibility for the Defendant`s criminal conduct." Plea Agreement ¶ 10, at 4. The parties agreed "that a specific sentencing range of 151 to 188 months is appropriate to the disposition of this case." Plea Agreement ¶ 5, at 2-3. Begaye agreed "not to seek a downward departure or variance from the applicable sentencing guideline range as determined by the Court." Plea Agreement ¶ 10, at 5.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Begaye on June 27, 2011. In the PSR, the USPO calculates Begaye`s total offense level to be 35. See PSR ¶ 43, at 11. The PSR calculates a base offense level of 38 under U.S.S.G. § 2A1.2(a). See PSR ¶ 36, at 11. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Begaye`s acceptance of responsibility. PSR ¶ 42, at 11. The PSR lists his criminal history category as I, based on 1 criminal history point. See PSR ¶ 46, at 12. The PSR calculates that an offense level of 35 and a criminal history category of I results in a guideline imprisonment range of 168 to 210 months. See PSR ¶ 80, at 19. There being no disputes about the factual findings in the PSR, the Court adopts them as its own.**

**Begaye asks the Court for a 151-month sentence. At the sentencing hearing on October 12, 2011, Plaintiff United States of America requested a sentence of 168 months. At the sentencing hearing, the parties agreed to the Court reducing Begaye`s offense level a third level for acceptance of responsibility. The Court adopts the sentencing calculation in the PSR as its own. A criminal offense level of 35 and a criminal history category of I produces a guideline sentence of 168 to 210 months.**

**Begaye killed the victim by striking him with his hands and feet. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Begaye`s offense. The Court agrees with Begaye that a sentence of 151-months imprisonment is sufficient to reflect the seriousness of this offense.**

**This variance is the equivalent of a 1-level reduction in Begaye`s offense level. Begaye stated in his Sentencing Memorandum that the United States agreed to this reduction based "upon the benefit to the government of not proceeding to a jury trial in this matter." Sentencing Memorandum at 2. The Court notes that it is also customary in this District for the United States Attorney to agree to a 1-level reduction in a defendant`s offense level based on the waiver of a defendant`s rights to appellate and post-conviction relief. Begaye agreed to waive those rights in his Plea Agreement. See Plea Agreement ¶ 13, at 7. The Court recognizes that these two matters benefit the United States and provide it with an incentive to agree to a 1-level reduction in Begaye`s offense level.**

**Furthermore, the United States has pointed to some weaknesses in its case if the case were to proceed to trial, including that the only eyewitnesses to the crime are Begaye and his co-Defendant, and that there is little forensic evidence available to present to a jury. The Court has in the past held that weaknesses in the United States` case may be grounds for a variance, because in some cases, such as this one, a sentence of some length is a more just punishment than no sentence at all. See United States v. Summers, 506 F.Supp.2d 686, 698-99 (D.N.M. 2007)(Browning, J.)("The Court can, under 18 U.S.C. § 3553(a), take into account the problems with the United States` case."); United States v. Jiang, 376 F.Supp. 2d 1153, 1157-58 (D.N.M. 2005)(Browning, J.)(granting a variance after examining the potential benefits to the United States and the public of going to trial); United States v. Stone, 374 F.Supp.2d 983, 990 (D.N.M. 2005)(Browning, J.)(granting a variance after considering the United States` prospects at trial).**

**Additionally, there are a variety of mitigating circumstances supporting a variance. While Begaye engaged in a violent crime resulting in someone else`s death, the victim appeared in an unusual manner on Begaye`s property, which is on the outskirts of the Navajo reservation, and does not appear to have explained his reason for being there or identified himself. Given the isolated nature of Begaye`s residence, those facts indicate that Begaye did not have a particularly culpable mental state in committing this**

crime and that victim was to some extent responsible for instigating the incident. Begaye`s Native American beliefs may have made him unusually fearful under the circumstances as well. While Begaye was intoxicated, he was lawfully on his own property and was not violating any laws in consuming alcohol. While Begaye has some prior charges for violent conduct, none of those charges resulted in a conviction.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 151 months is appropriate to reflect the seriousness of Begaye`s crime. Other conditions that the Court will require as part of supervised release will also provide Begaye with some needed education, training, and care to prevent these problems from reoccurring. The length of the sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). 151-months imprisonment is a significant sentence, and will provide deterrence at both the general level and specifically to Begaye. That sentence also reflects the seriousness of the crime, particularly when one takes into account the mitigating circumstances. Imposing an additional 17 months will not more effectively protect the public or more fully reflect the factors embodied in 18 U.S.C. § 3553(a). The Court routinely sentences at the low end of the guideline range unless aggravating circumstances counsel for a sentence deeper into the range. Here, while most second-degree murders involve awful facts, there is nothing particularly aggravating about the circumstances in this case, and there are a number of mitigating circumstances. Finally, sentencing at the low end of the agreed upon range gives Begaye the benefit of his bargain, as a sentence of 168-months imprisonment would give him a sentence at the low end of the advisory guideline range. Given that he has given up his appellate rights, a sentence at the low end of the agreed upon range helps to avoid unwarranted sentencing disparities among similarly situated defendants convicted of similar crimes with similar criminal histories.

While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Begaye to 151-months imprisonment.

☒    The court makes the following recommendations to the Bureau of Prisons:

   **Florence Federal Correctional Institution, Florence, Colorado, if eligible**
   **The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒    The defendant is remanded to the custody of the United States Marshal.
☐    The defendant shall surrender to the United States Marshal for this district:
   ☐    at   on
   ☐    as notified by the United States Marshal.
☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐    before 2 p.m. on
   ☐    as notified by the United States Marshal
   ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Tyrus Begaye**
Case Number: **1:10CR00456-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).

☒  The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).

☐  The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependents and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

AO 245B (Rev. 12/10) Sheet 3

Defendant: **Tyrus Begaye**
Case Number: **1:10CR00456-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting alcohol, weapons or other contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**As to Standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.**

**As to Standard condition No. 13, it shall not apply to employers: as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.**

**The Defendant must participate in and successfully complete a substance abuse treatment program, which may include drug testing or outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The Defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The Defendant must participate in and successfully complete a mental health treatment program as approved by the probation officer, which may include outpatient counseling or prescribed medication. The Defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Officer.**

**The Defendant will have no contact with the family of the victim at anytime.**

Defendant: **Tyrus Begaye**
Case Number: **1:10CR00456-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐        The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $3,330.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A        ☒   In full immediately; or

B        ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).


**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**


**Pursuant to the Mandatory Victim Restitution Act, it is further ordered that the Defendant will make restitution to Molly Hogue in the amount of $135.00; Rita Yazzie in the amount of $695.00; and the Navajo Nation Division of Social Services, in the amount of $2,500.00. The restitution will be paid jointly and severally with co-defendant Darnell Begaye, while in custody through the Bureau of Prisons Inmate Financial Responsibility Program. Any unpaid balance will be paid while on supervised release in monthly installments of 10% of his net monthly income or $100.00, whichever is greater. For tracking purposes, all payments made by the Defendant shall be submitted to the Clerk of the Court, Attn: Intake, Case No. 1:10CR00456-001 JB, 333 Lomas Blvd., N.W., Suite 270, Albuquerque, New Mexico 87102. The payments shall then be forwarded to the victim at the address on file with the Clerk of the Court.**


Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.